**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

REGAN SNOW,

       Plaintiff,

vs.                                      Case No. 3:18-cv-455-J-34MCR

ALLERGAN, INC., et al.,

       Defendants.
_____

ERICKA LUNDY,

       Plaintiff,

vs.                                      Case No. 3:18-cv-456-J-34JRK

MARK A. CLAYMAN, M.D., et al.,

       Defendants.
_____

DIENA R. THOMPSON,

       Plaintiff,

vs.                                      Case No. 3:18-cv-457-J-34MCR

LOREN Z. CLAYMAN, M.D., et al.,

       Defendants.
_____/

## **OMNIBUS ORDER**

      **THIS CAUSE** is before the Court on Plaintiffs' Motions for Remand to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida (Motions) filed in the

above three cases on April 18, 2018.  See Snow, Case No. 3:18-cv-455-J-34MCR, ECF No. 6; Lundy, Case No. 3:18-cv-456-J-34JRK, ECF No. 6; and Thompson, Case No. 3:18-cv-457, ECF No. 7.[1]  In the Motions, the above Plaintiffs move to remand their respective cases to state court based on the same argument, specifically, that removal was untimely under 28 U.S.C. § 1446(c)(1).  For the reasons set forth below, the Court determines that Plaintiffs' argument is without merit and the Motions are due to be denied.[2]

Pursuant to 28 U.S.C. § 1446(c)(1), a case may not be removed based on diversity jurisdiction more than one year after commencement of the action, absent a finding that the plaintiff acted in bad faith to prevent removal.  See 28 U.S.C. § 1446(c)(1).  Plaintiffs contend that remand is warranted because Defendants Allergan USA, Inc., Allergan, Inc., and Allergan Sales, LLC (Allergan) filed the Notices of Removal of Civil Action and Demand for Jury Trial (Doc. 1; Notice), invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332, more than one year after Plaintiffs commenced these actions in state court.  See Motion at 2.  Specifically, Plaintiffs initiated each of their respective actions in state court on April 4, 2017.  See Complaint (Doc. 2) at 1.  At that time, Plaintiffs named the Allergan entities as defendants, as well as either Loren Z. Clayman, M.D. or Mark A. Clayman, M.D., and Loren Z. Clayman, M.D., P.A. (Clayman Defendants).[3]  Because the Clayman Defendants are citizens of Florida, federal diversity jurisdiction did not exist at the time the

---

[1] Unless specifically noted otherwise, the Court's citations to the Motion and other filings on the dockets are the same in each case.

[2] The Court recognizes that it is ruling on the Motion without waiting for the opposition period to run.  See Local Rule 3.01(b).  However, as the Court has determined that the Motions are due to be denied, responses in opposition are not necessary at this time.

[3] Specifically, Plaintiff Erika Lundy (18cv456) named Mark A. Clayman, M.D. and Loren Z. Clayman, M.D., P.A. as defendants.  Plaintiffs Regan M. Snow and Diena R. Thompson named Loren Z. Clayman, M.D. and Loren Z. Clayman, M.D., P.A. as defendants.

2

cases were filed. See Notice at 4. However, on April 4, 2018, each Plaintiff filed in state court Plaintiff's Notice of Dropping Parties, see Motion, Ex. 5, in which they dismissed their claims against the Clayman Defendants, with prejudice, pursuant to Florida Rule of Civil Procedure 1.250(b) and 1.420(a).[4] With the non-diverse parties dropped from the cases, Allergan promptly filed its Notices of Removal removing these actions to this Court that same day. See Notice. Plaintiffs argue that removal is untimely, however, because Plaintiffs commenced these actions in the morning or early afternoon of April 4, 2017, and Allergan did not file the Notices of Removal until the late afternoon on April 4, 2018. See Motion at 2-4; compare Complaint at 1 with Notice at 1. Thus, according to Plaintiffs, Allergan missed the one-year mark by several hours. See Motion at 2-3. Notably, Plaintiffs cite no cases where a court has calculated the one-year time limit in this manner, and indeed, Plaintiffs' argument is contrary to the applicable rules.

Rule 6 of the Federal Rules of Civil Procedure (Rule(s)) sets forth the rules for "computing any time period specified" in the Rules, any local rules, court orders, or in any statute "that does not specify a method of computing time." See Rule 6(a). To calculate a deadline when a period is stated "in days or a longer unit of time," such as the "1 year" time limit set forth in 28 U.S.C. § 1446(c), Rule 6(a)(1) instructs as follows:

(A) Exclude the day of the event that triggers the period;
(B) Count every day, including intermediate Saturdays, Sundays, and legal holidays; and
(C) Include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday.

---

[4] In light of this filing, which was not included in the removal papers, the Court will direct the Clerk of the Court to terminate the Clayman Defendants from the Court's docket and update the style of these cases.

In addition, Rule 6(a)(4) provides that, unless otherwise specified, the "last day ends: (A) for electronic filing, at midnight in the court's time zone; and (B) for filing by other means, when the clerk's office is scheduled to close." Thus, pursuant to Rule 6, Allergan's Notices of Removal, filed on April 4, 2018, before the close of the clerk's office, are timely filed within the one-year limit set by § 1446(c). Plaintiffs offer no other argument in support of remand, and as such, the Motions are due to be denied.

In light of the foregoing, it is

**ORDERED**:

1. Plaintiffs' Motions for Remand to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida (18cv455, Doc. 6; 18cv456, Doc. 6; and 18cv457, Doc. 7) are **DENIED**.

2. The Clerk of the Court is **directed** to terminate Defendants Loren Z. Clayman M.D., Mark A. Clayman, M.D., and Loren Z. Clayman, M.D., P.A. from the Court dockets and update the case styles.

**DONE AND ORDERED** in Jacksonville, Florida, this 26th day of April, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

4